UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-089S |
| | ) | |
| JOSHUA PERRY, | ) | |
| | ) | |
| Defendant. | ) | |

### Memorandum and Order

WILLIAM E. SMITH, United States District Judge.

Before this Court for decision is the Defendant's Renewed Motion for New Trial and Evidentiary Hearing.  For the reasons discussed below, the Defendant's Motion is DENIED.

I.  Background

On January 12, 2005, a jury found Joshua Perry ("Perry" or "Defendant") guilty of possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), within one thousand feet of a school, in violation of 21 U.S.C. § 860.  On January 25, 2005, Perry timely filed a Motion for New Trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, alleging that the evidence presented

1

against him was insufficient to sustain the guilty verdict.[1]
This Court denied the Motion on the merits on February 9, 2005.
On April 13, 2005, more than three months after the jury
convicted him, Perry filed a "Renewed" Motion for New Trial, this
time alleging that the Government's witness, Pawtucket Police
Detective Denis Lefebvre, had lied to the grand jury by failing
to disclose the use of a ruse by the police to gain access to
Perry's apartment without a warrant. According to Perry, some
time in July 2004, Officer David Silva, a Pawtucket police
officer, went to Perry's apartment in response to a supposed 911
hang-up call, apparently at the direction of Detective Lefebvre.
Both sides agree that this 911 call never took place, but rather
was a ruse. In his testimony before the grand jury, Detective
Lefebvre stated that Officer Silva responded to the Defendant's
apartment some time in July 2004, regarding "a 911 hang-up call,"
but said nothing of the ruse. (Grand Jury Tr. of Denis Lefebvre,
10/6/04, at 6.) According to Perry, the Government's failure to

---

[1] Perry's original Motion for New Trial was filed within seven
days of the jury verdict as required by Rule 33(b)(2), excluding
weekends (January 15-16, 22-23), legal holidays (January 17,
Martin Luther King, Jr.'s Birthday), and days of inclement
weather making the clerk's office inaccessible (January 24, when
the clerk's office was closed due to a snow storm), as required
by Rule 45(a)(2)-(3) of the Federal Rules of Criminal Procedure.

inform him of the Detective's misrepresentation to the grand jury resulted in a miscarriage of justice that can only be remedied by a new trial.

II. <u>Discussion</u>

Before this Court may reach the merits of Perry's Renewed Motion for New Trial, it must first determine whether it has jurisdiction to do so.  Rule 33(b)(2) provides that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7-day period."  This seven-day limitations period is jurisdictional, that is, this Court is without power to hear a motion for new trial not filed within this period, unless it is based on newly discovered evidence (in which case the limitations period is three years).  <u>United States v. Glenn</u>, 389 F.3d 283, 287 (1st Cir. 2004).

Since Perry does not base his Renewed Motion for New Trial upon newly-discovered evidence, but rather on a "miscarriage of justice," the seven-day limitations period clearly applies here. While Perry's original Motion for New Trial was timely filed within seven days of the jury verdict, his Renewed Motion for New Trial was not.  The question, then, is whether this Court has the

power to construe Perry's Renewed Motion for New Trial, filed more than three months after the jury verdict, as an amendment (or, as Perry argues, a "renewal") of his original Motion for New Trial. This Court concludes that it does not. According to the First Circuit and other circuits that have considered this issue, a "renewed" motion for new trial does not relate back to a timely filing for purposes of satisfying Rule 33's limitations period. United States v. Nelson-Rodriguez, 319 F.3d 12, 40-41 (1st Cir. 2003); accord United States v. Holt, 170 F.3d 698, 702-03 (7th Cir. 1999); United States v. Custodio, 141 F.3d 965, 966 (10th Cir. 1998); United States v. Bramlett, 116 F.3d 1403, 1405-06 (11th Cir. 1997). On the contrary, Rule 33(b)(2) specifically provides that a court may grant an extension of the seven-day period only within the first seven days, and Rule 45(b)(2) further provides that a court "may not extend the time to take any action under [Rule 33], except as stated [therein]." As the First Circuit noted, "[c]onstruing this very late filing (on an entirely separate issue) as an amendment would violate both the letter and the spirit of both rules, and create a 'back door' for untimely challenges to verdicts." Nelson-Rodriguez, 319 F.3d at 41. This Court refuses to do so here. Perry's Renewed Motion for New Trial is therefore time-barred.

4

Even if the claim did relate back, however, Perry cannot
show that the Government violated his due process rights by
failing to disclose Detective Lefebrve's misrepresentation. A
defendant's right to due process is violated when the prosecution
suppresses evidence, including impeachment evidence, that is both
favorable to the defendant and material either to guilt or
innocence. <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963); <u>Giglio v.
United States</u>, 405 U.S. 150, 154-55 (1972). In order to make out
a <u>Brady</u> violation, the defendant must show three things: "[t]he
evidence at issue must be favorable to the accused, either
because it is exculpatory, or because it is impeaching; that
evidence must have been suppressed by the State, either willfully
or inadvertently; and prejudice must have ensued." <u>Strickler v.
Greene</u>, 527 U.S. 263, 281-82 (1999).

Even if this Court were to assume that the Detective's
failure to characterize the 911 response as a ruse was relevant
to his credibility and was thus favorable to Perry for
impeachment purposes, the record is clear that the Government did
not suppress this evidence. Perry was provided with a copy of a
transcript of Detective Lefebvre's grand jury testimony in
advance of trial (Def.'s Mem. Supp. Renewed Mot. Dismiss at 1);
the Government admitted to Perry's counsel in a pre-trial

conference that the police had used a ruse to gain access to
Perry's apartment (<u>id.</u>); Perry was well aware of the ruse in
advance of trial, as indicated by his bringing not one but two
motions to suppress evidence based on the ruse (Def.'s Mem. Supp.
First Mot. Suppress at 3; Def.'s Mem. Supp. Third Mot. Suppress
at 2-3); and Perry was free to cross-examine the Detective, who
testified as a witness for the Government at trial, on his
failure to disclose the ruse to the grand jury.

Because Perry had knowledge of the ruse and of Detective
Lefebvre's failure to disclose the ruse to the grand jury in
advance of trial, it is unclear what more the Government should
(or could) have provided.  Additional evidence that the Detective
withheld the ruse from the grand jury (whatever evidence that
might be) would thus seem to be, at best, cumulative of the
evidence already provided to Perry, and not the sort of evidence
that would justify a new trial.  <u>See</u> <u>Moreno-Morales v. United</u>
<u>States</u>, 334 F.3d 140, 148 (1st Cir. 2003) (stating that "the
unavailability of cumulative evidence does not deprive the
defendant of due process") (quoting <u>United States v. Sanchez</u>, 917
F.2d 607, 618 (1st Cir. 1990)).[2]  As the First Circuit has noted,

---

[2] Because this Court finds that the Government did not suppress
evidence of the ruse, it necessarily follows that there was no
prejudice to Perry.

6

"[t]he remedy of a new trial is rarely used; it is warranted 'only where there would be a miscarriage of justice' or 'where the evidence preponderates heavily against the verdict.'" United States v. Andrade, 94 F.3d 9, 14 (1st Cir. 1996) (quoting United States v. Indelicato, 611 F.2d 376, 387 (1st Cir. 1979). Neither situation is applicable here and thus, a new trial is not warranted.

III. Conclusion

For the foregoing reasons, the Defendant's Renewed Motion for New Trial and Evidentiary Hearing is DENIED.

IT IS SO ORDERED.

_____
William E. Smith
United States District Judge

Date: 6/10/05

7